UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1: 04-CV-4-M

**SALLY BROESSEL,**                                                                                  **PLAINTIFF**
**On Behalf of Herself and All**
**Others Similarly Situated**

**V.**

**TRIAD GUARANTY INSURANCE CORP.**                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiff for class certification of her willfulness claim under FCRA (DN 99) and the related motions by Defendant for partial summary judgment (DN 164) and for exclusion of the Plaintiff's expert witness (DN 197) as to that claim. In Count One of her complaint, Plaintiff Sally Broessel alleges that Defendant Triad Guaranty Insurance Corporation ("Triad") willfully violated the Fair Credit Reporting Act ("FCRA") by failing to send her a notice that the company had taken an "adverse action" against her based on information in her credit report. Triad argues, however, that even if it violated the statute by failing to send the Defendant notice of an adverse action, the Defendant cannot prove the violation was "willful." Fully briefed, this matter is ripe for decision. For the following reasons, Defendant's motion for partial summary judgment is **GRANTED;** Plaintiff's motion for class certification is **DENIED** as moot; and Defendant's motion to exclude expert testimony is **DENIED** as moot.

**I. Standard of Review**

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252. It is against this standard that the court reviews the following facts.

## II. Background

Congress enacted the Fair Credit Reporting Act to ensure the "accuracy and fairness of credit reporting." 15 U.S.C. § 1681. The statute limits the persons who may obtain consumer credit reports and requires users of such reports to notify a consumer when they take an "adverse action" against the consumer based on his or her credit report. 15 U.S.C. §§1681a, 1681b, 1681m. The statute provides that "any person who willfully fails to comply" with any of its requirements with respect to any consumer may be liable to that consumer for actual or statutory damages. 15 U.S.C. § 1681n(1)(a).

In this case, in the spring of 2003, Plaintiff Sally Broessel applied for a loan from Countrywide Credit Industries ("Countrywide") to purchase a home. Countrywide approved the

loan, but required her to purchase mortgage insurance because she tendered no down payment. Countrywide selected the Defendant, Triad, to provide mortgage insurance. Subsequently, Countrywide submitted to Triad an insurance application with Broessel's credit score, along with other loan information. Using this information, Triad set Broessel's premium at higher than their best rate and did not inform her of this decision. Subsequently, Broessel brought this action against Triad for a violation of FCRA's "adverse action" notice requirement.

On September 15, 2005, this Court held that Triad had taken an "adverse action" under FCRA when it charged Broessel a higher mortgage insurance rate based on negative credit information. (DN 70). The Court must now decide whether a reasonable jury could find that Triad violated the statute "willfully." Because Broessel also seeks class certification as to her willfulness claim (DN 99), the Court also considers that motion herein.

### III. Discussion

The Supreme Court recently analyzed the requirements of FCRA in Safeco Insurance Co. v. Burr. 127 S.Ct. 2201 (2007). The Court first considered what Congress meant by its use of the term "adverse action" in the statute. Section 1681m(a) states that "any person [who] takes any adverse action with respect to any consumer that is based in whole or in part on any information contained a consumer report" must notify the affected consumer. The statute defines an adverse action as "an increase in any charge for...any insurance, existing or applied for." 15 U.S.C. § 1681a(k)(l)(B)(i). Despite the insurance companies' arguments to the contrary, the Court interpreted the statute to mean that an insurance company takes an adverse action against a new customer when it offers that customer a higher rate than its best rate possible due to that customer's credit report. Importantly, however, the Court held that the insurance companies' interpretation of the statute was reasonable based on the language of the statute.

The Court next considered what Congress meant by its use of the term "willfully" in §1681n(a) of the statute, which provides that any person "who willfully fails to comply" with the requirements of FCRA may be held liable by consumers whose rights have been violated by the noncompliance. 15 U.S.C. § 1681n(a). The Court concluded that where willfulness is a statutory condition of liability, the word covers not only *knowing* violations of the statute, but *reckless* ones as well. 127 S. Ct. at 2208. The court reiterated that a reckless action is one entailing an "unjustifiably high risk of harm that is either known or so obvious that it should be known." Id. at 2215 (quoting Farmer v. Brennan, 511 U.S. 825, 836 (1994)). The Court ultimately held that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a *reasonable* reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. Accordingly, the Court concluded that although Safeco had violated the statute by failing to send adverse action notices to new customers whom it charged higher than neutral rates based on their credit reports, the violation was not reckless because it was based on a reasonable reading of the statute and because there was no authoritative guidance from either the courts of appeal or the Federal Trade Commission on how the statute should be interpreted.

Following Safeco, the Court concludes that Triad did not willfully violate FCRA. Triad shared Safeco's objectively reasonable, though mistaken belief, that charging a new customer higher than its best rate did not constitute an adverse action under the statute. Additionally, at the time Triad failed to issue an adverse action notice to Ms. Broessel, no court of appeals had yet considered the issue. Finally, even though Triad had received two letters from the Federal Trade Commission ("FTC") suggesting the Commission believed the statute required mortgage insurers to issue adverse action notices to new customers like Ms. Broessel, the Supreme Court explicitly

rejected the premise that any such letters, especially ones stating that they were merely "informal staff opinions...not binding on the Commission" constituted authoritative guidance from the FTC.

Id. at 2216, n.19.  Thus, the Court concludes, as a matter of law, that Triad did not act recklessly when it violated the statute and it is entitled to summary judgment on the willfulness claim.

Because Ms. Broessel only seeks class certification as to Count One of her Complaint, the willfulness claim, and because the Court is granting summary judgment against Ms. Broessel as to that claim, the Court now denies her motion for class certification as moot.  The Court also denies as moot the Defendant's motion to exclude the testimony of Plaintiff's willfulness expert. Finally, the Court declines to consider whether Triad negligently violated the statute because there is no summary judgment motion pending as to that claim.

## IV. Conclusion

For the foregoing reasons, Defendant's motion for partial summary judgment is **GRANTED;** Plaintiff's motion for class certification is **DENIED** as moot; and Defendant's motion to exclude expert testimony is **DENIED** as moot.

cc: Counsel of Record